## SCHOOLMAN v. RATKOWSKY.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

In an action for the nondelivery of pony coats, sold plaintiff at $27.50 apiece, an instruction that plaintiff testified that the market value of the coats at the date when they should have been delivered was $35, and that the difference between that price and the contract price would be the measure of damages, was erroneous, where the evidence was conflicting as to the market value.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Schoolman against Abraham Ratkowsky. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Straus & Dworsky, of New York City, for appellant.

William H. Chorosh, of New York City, for respondent.

GERARD, J. This action was brought to recover damages for the alleged breach of contract for failure to deliver certain pony coats. Plaintiff claims that he agreed to purchase from defendant 33 pony coats at $27.50 apiece, to be delivered September 15, 1912. Plaintiff claims that defendant failed to deliver the coats as agreed, and that on September 15, 1912, the value of pony coats was $35.

The judgment must be reversed, because of the charge of the learned court, who said:

"The measure of his [plaintiff's] damages would be, as counsel stated, the difference in the price at the time of the contract and at the time when he was able to buy the goods. He has testified that the market value of the coats, after the date when he should have had them from the defendant, was $35, instead of $27.50, and that would be the measure of his damages. Now, that is all there is in the case. You have heard the witnesses, and seen them, and it is for you to pass upon the facts. Now, if you find for the plaintiff, the damages should be the difference between the sum of $27.50 and the price at which he could have bought them at that time."

There was a conflict of evidence as to what the market value was, and it was therefore an error to charge the jury, as the court did, that the market value was $35, and that that would be the measure of plaintiff's damages. Defendant's counsel excepted to this charge.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.